# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA B.-G., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 18-CV-96-JFJ |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Lisa B.-G. seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

For reasons explained below, the Court reverses the Commissioner's decision denying benefits and remands for further proceedings. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## I.     Standard of Review

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)). A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Hamlin v. Barnhart*,

365 F.3d 1208, 1214 (10th Cir. 2004) (quotations omitted). The Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d at 1261 (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, the Commissioner's decision stands so long as it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History and the ALJ's Decision

Plaintiff, then a 29-year-old female, protectively applied for Title XVI benefits on August 29, 2011, alleging a disability onset date of August 29, 2011. R. 401-410. Plaintiff claimed that she was unable to work due to disorders including a kidney condition, bipolar disorder, problems with her right leg, and memory loss. R. 462. Plaintiff's claim for benefits was denied initially on January 25, 2012, and on reconsideration on April 4, 2012. R. 158-161; 165-167. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ").

The ALJ conducted a total of four hearings in this case. The first hearing was held on January 24, 2013. R. 109-124. After hearing testimony that Plaintiff lost consciousness as a result of a motorcycle wreck in 2008, the ALJ sent Plaintiff for a consultative mental examination. The ALJ suspected Plaintiff may have a cognitive or organic brain disorder causing cognition loss which could reduce her ability to perform mental tasks. R. 122-123.

A second hearing was held on September 4, 2013, and ten additional medical exhibits were submitted as evidence. R. 82. Plaintiff testified at length about problems from side effects from her various medications during this hearing. For example, the medications Myfortic for her kidney

2

disorder caused muscle pain, nausea and vomiting, stomach cramps, headaches, and infections;[1] Flexeril, a muscle relaxer, made Plaintiff feel extremely tired; Seroquel, to treat bi-polar depression, made Plaintiff sleep for long periods; and Wellbutrin, to treat depression, made Plaintiff feel "edgy," which caused her doctors to prescribe an anxiety medication. Plaintiff testified the primary problems preventing her from working are her kidney disorder, suppressed immune system, and side effects from medication. Plaintiff stated she is in bed or on the couch up to 15 days per month due to her condition. R. 94-95. The ALJ decided to send interrogatories to a medical expert, Alexander B. White, M.D., FACP, FACC,[2] to better understand IgA Nephrology[3] prior to making a decision in Plaintiff's case. R. 107. After reviewing Dr. White's interrogatory responses, Plaintiff's counsel requested a third hearing.

A third hearing was held on July 2, 2014, at which Dr. White appeared by telephone and provided testimony.[4] R. 61-79. Dr. White testified that Plaintiff's creatinine level was high at 1.65. Dr. White testified that Plaintiff has a compromised immune system, she should be closely followed by her treating nephrologist, and she should avoid people with infections. He further testified that she would have a number of side effects from these medications that could cause her to miss more than one day per month of work and/or need unscheduled breaks.[5] R. 70-76.

---

[1] Myfortic is an immune suppressant medication. *See* https://www.fda.gov/media/76985/download, last visited May 1, 2019.

[2] Dr. White is a specialist in internal medicine and nephrology. R. 1184-1194.

[3] IgA Nephrology is known as Immunoglobulin A Nephropathy, also called Berger's disease, and is a condition that damages the glomeruli inside the kidneys, causing disease. Glomeruli are the tiny filtering units inside the kidneys where blood is cleaned. *See* www.kidney.org/atoz/contect/iganeph, last visited May 29, 2019.

[4] Dr. White only testified at the third hearing. The ALJ did not call Dr. White back for the fourth hearing or attempt to re-contact him after the fourth hearing.

[5] Dr. White mentioned that Plaintiff would reasonably suffer side effects of pain, dizziness, being excessively tired, and stomach problems. R. 74-75.

On September 26, 2014, the ALJ issued a decision denying Plaintiff's claim, finding that Plaintiff could return to her past relevant work ("9/26/14 Decision"). R. 129-149. In the 9/26/14 Decision, the ALJ afforded Dr. White's opinion "great weight," but did not discuss Dr. White's testimony that Plaintiff might be further limited because she likely would need unscheduled breaks and miss more than one day of work per month. The ALJ explained that he afforded great weight to Dr. White's interrogatory opinion, which Dr. White affirmed through testimony at the hearing, because "Dr. White had an opportunity to review the evidence in its entirety and his opinion is consistent with treatment notes and testing results."[6] R. 139. Plaintiff requested review by the Appeals Council, and the Appeals Council remanded the case with several instructions to the ALJ. R. 152-153. In its findings, the Appeals Council noted that, although Dr. White testified that Plaintiff's symptoms and medication side effects could cause her to miss one or more days of work per month and possibly require unscheduled breaks, the ALJ failed to "evaluate these comments or include any corresponding limitations in [Plaintiff's] residual functional capacity." R. 152.

The ALJ held a fourth hearing on January 25, 2017, and twelve new exhibits were added to the record. R. 41. Plaintiff testified that she had not obtained her GED and admitted smoking marijuana once a month. R. 46. Plaintiff testified to no major changes in her condition or medications since the September 26, 2014 hearing; however, Plaintiff did admit to having "a little bit better days." R. 49-50. The vocational expert ("VE") questioned Plaintiff about her past relevant work, determining that only Plaintiff's past work as a maid qualified as past relevant work. R. 55.

The ALJ posed three hypotheticals to the VE, including the light exertional hypothetical ultimately adopted as Plaintiff's RFC. R. 56-58. The VE testified that Plaintiff could not return

---

[6] Dr. White had access to all record evidence through Exhibit 39F, which was the complete record at the time of the July 2, 2014, hearing.

4

to her past relevant work, but other light work existed in the national economy that she could perform. R. 57. Plaintiff's attorney posed an additional hypothetical to the VE, which added the need for unscheduled work breaks to the first two hypotheticals posed by the ALJ and asked how that would affect the jobs found at step five. R. 59. The VE testified that an extra unscheduled break as little as ten minutes would require a special accommodation that is not normally afforded to everyone on the workforce. *Id.*

On March 13, 2017, the ALJ issued a decision following remand, again denying benefits and finding Plaintiff not disabled because she was able to perform other work that existed in significant numbers in the national economy ("3/13/17 Decision"). R. 15-30. In the 3/13/17 Decision, the decision currently on appeal, the ALJ found that Plaintiff suffered the severe impairments of IgA Nephropathy; chronic kidney disease; bilateral heel spurs; possible internal derangement of the right knee; obesity; a bipolar disorder; anxiety disorder; and cannabis abuse. R. 17. Plaintiff's non-severe impairments were cervicalgia, chronic low back pain, and asthma, while lupus was found medically non-determinable. R. 18. The ALJ found that none of Plaintiff's impairments met or equaled a listing, and he found that Plaintiff retained the RFC to:

> lift/carry/push/pull 10 pounds frequently and 20 pounds occasionally; stand and/or walk for 6 hours in an 8-hour workday; and sit for 6-8 hours in an 8-hour workday (Light work is defined in 20 CFR 416.967(b)) except she is limited to simple, routine and some moderately complex tasks; superficial contact with co-workers and supervisors; and no contact with the public.

R. 20. In making this RFC determination in his second decision, the ALJ gave "some weight" to Dr. White's 2014 interrogatory opinion that Plaintiff "should be able to function at the 'light' exertional level and limit her exposure to hazards." R. 25; *see* R. 1184-1196. The ALJ afforded "some weight" to this portion of Dr. White's opinion, because Dr. White "gave postural limitations without objective evidence to support those limitations," and failed to mention Plaintiff's "regular marijuana use and its effect on her impairments." R. 25. The ALJ afforded "no weight" to Dr.

White's testimony that Plaintiff might miss more than one day per month due to her kidney disease and might need unscheduled breaks due to medication side effects. R. 25. The ALJ provided three reasons for rejecting this aspect of Dr. White's testimony on remand: (1) "there is no evidence of severe medication side effects" to support Dr. White's limitations; (2) Plaintiff's "treating physicians have not stated that she cannot work"; and (3) Dr. White "fails to mention how [Plaintiff's] regular marijuana use could affect her impairments." *Id.* The Appeals Council denied review of the 3/13/17 Decision, and Plaintiff appealed that decision to this Court. R. 1-5; ECF No. 2.

III.    **Issues and Analysis**

On appeal, Plaintiff argues that the ALJ "improperly rejected the opinion of a consultative physician"[7] in formulating the RFC and that this error is not harmless based on the VE's testimony. *See* ECF No. 18. Specifically, Plaintiff contends the ALJ erred by affording "no weight" to Dr. White's testimony regarding Plaintiff missing more than one day per month and needing unscheduled breaks. Plaintiff argues that the three reasons the ALJ gave for rejecting this portion of Dr. White's testimony are "not based on substantial evidence." ECF No. 21 at 3-4. The Commissioner argues the ALJ did not err because Dr. White's testimony regarding absences/breaks was mere "conjecture." ECF No. 20 at 6. The Commissioner also argues that the ALJ adequately explained his reasoning for rejecting these aspects of Dr. White's testimony, and that the ALJ's reasons are valid, legitimate, and supported by substantial evidence. ECF No. 20 at 6-8.

---

[7] Plaintiff mistakenly refers to Dr. White as a consultative physician instead of a medical expert, but the difference is negligible. There are no examining source opinions of Plaintiff's functional limitations in the record. All opinion evidence is provided from non-examining physicians.

6

An ALJ may adopt parts of a medical opinion while rejecting other parts of the same opinion, but the ALJ must adequately explain his reasons for doing so. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (reversing because ALJ failed to explain why he rejected certain restrictions in medical opinion while adopting others). In addition, the reasons given must be legitimate and supported by substantial evidence. *See Laury v. Berryhill*, No. CV 16-2758-JWL, 2017 WL 4843293, at *12 (D. Kan. Oct. 26, 2017) (addressing whether ALJ explained his reasoning for differing treatment of portions of same medical opinion and whether those reasons were legitimate and supported by record evidence). *See generally Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (ALJ must "provide specific, legitimate reasons for rejecting" medical opinion).[8]

As an initial matter, the Court finds that the relevant portions of Dr. White's testimony excluded from the RFC were not mere "conjecture." Dr. White testified that Plaintiff "may feel excessively tired, hurting. She gets dizzy. . . . Q. And it would also affect her at work. Would you agree with me on that? A. Yes, it would." R. 74. Dr. White further testified:

> Q. Okay. And would it be unlikely that the Claimant would miss more than one day a month from work as a result of these limitations that she has?
> A. It's possible.
> Q. Okay. So if she were to testify to that you wouldn't necessarily disagree with that as a physician?
> A. No, I will not.
> …
> Q. Would she need unscheduled breaks at work?
> A. She may need it, yes. I mentioned that the medications would be more responsible for it than her disease.

---

[8] This legal standard is consistent with that set forth by the Commissioner. *See* ECF No. 20 at 5 ("[I]f the ALJ adopts part of an opinion, he may choose not to adopt other parts of the opinion, so long as he explains why and the explanation is supported by substantial evidence and free of legal error.").

7

R. 74-75.  After reviewing the hearing testimony as a whole, the Court finds that the relevant portions of Dr. White's testimony qualify as opinion testimony of a medical expert, rather than mere "conjecture" as argued by the Commissioner.

The next issue is whether the ALJ explained his reasons for rejecting that testimony and whether those reasons are legitimate and supported by the record.  The ALJ gave three reasons for accepting portions of Dr. White's opinion while rejecting other portions.  *See* R. 24-25.  Therefore, this case does not involve a total absence of explanation as in *Haga.*  However, as persuasively argued by Plaintiff, the reasons given are not supported by substantial evidence and are in fact largely contradicted by the record.

In rejecting the relevant portion of Dr. White's opinion, the ALJ first reasoned that "there is no evidence of severe medication side effects" to support Dr. White's limitations.  R. 25.  However, the record is replete with notations of Plaintiff's complaints of pain, nausea, vomiting, abdominal pain, flank pain, diarrhea, and kidney pain.  These complaints stem from both Plaintiff's conditions and her medication side effects.  The Commissioner argues the record shows "nothing regarding side effects of medication, except for some drowsiness (*see, e.g.*, Tr. 882, 888)" and that Plaintiff frequently denied medication side effects.  *See* ECF No. 20 at 8.  However, the record includes at least the following complaints:

| Date | Complaint | Record # |
|---|---|---|
| 3/12/12 | Complaints of upset stomach and complaints of nausea and vomiting | 1082 |
| 3/13/12 | Complaints of pain and experiencing nausea | 872-873 |
| 7/5/12 | Still having nausea and vomiting from my medicines | 894 |
| 7/18/12 | Complaints of vomiting and abdominal pain | 1073-1075 |
| 8/1/12 | Seen for follow-up on dehydration and complaints of abdominal pain | 1068 |
| 8/14/12 | Complaints of abdominal pain | 1099 |
| 8/27/12 | Complaints of pain in abdomen | 1096 |

8

| Date | Complaint | Record # |
|---|---|---|
| 9/11/12 | Continued abdominal pain | 1087 |
| 11/6/12 | Complaints of nausea, vomiting and flank pain | 1116-1117 |
| 1/28/13 | Complaints of nausea and vomiting | 1059 |
| 4/18/13 | Plaintiff describes that her meds make her sick and they have bad effects making her stomach upset and tired | 967 |
| 6/10/13 | Complaints of flank pain | 1127 |
| 7/19/13 | Complaints of nausea | 1155 |
| 8/9/13 | Complaints of nausea and vomiting | 1165 |
| 8/13/13 | Complaints of diarrhea and abdominal pain | 1134 |
| 1/27/14 | Complaints of vomiting and not able to eat for the last two days and kidney pain | 1203 |
| 11/7/14 | Complaints of headaches, nausea and kidney pain | 1305 |
| 11/10/14 | Complaints of kidney pain | 1312 |
| 5/8/15 | Complaints of diarrhea and concerns of being dehydrated | 1345 |
| 3/21/16 | Complaints of nausea and vomiting | 1474 |
| 7/12/16 | Complaints of worsening abdominal cramps and loose stools | 1452 |
| 8/9/16 | Complaints of diarrhea and left kidney pain | 1434 |

Therefore, Dr. White's opinion is not inconsistent with the medical evidence, *see* 20 C.F.R. §§ 416.920b, 416.927(b), and this stated reason is not supported by the record.

The second reason the ALJ gave for rejecting this portion of Dr. White's opinion and testimony – that none of Plaintiff's treating physicians stated that she could not work – is also not legitimate or supported. The Court finds it unreasonable to reject a portion of a medical expert opinion based on the absence of a treating physician's opinion that a claimant is unable to work, because the ultimate determination of a claimant's ability to work is reserved to the Commissioner. *See* SSR 96-5p (medical source opinions that individual is "disabled" or "unable to work" are never entitled to controlling weight or "given special significance," because these are administrative findings reserved to Commissioner).

The third reason the ALJ gave for rejecting this portion of Dr. White's opinion and testimony – that Dr. White did not discuss Plaintiff's marijuana use and how it could affect her impairments – is again unsupported.[9] The interrogatories posed to Dr. White included the question, "Is there evidence that substance use/abuse is a contributing factor to any impairment this Claimant has?" R. 1195. Dr. White answered "not very evident on record." *Id.* Therefore, Dr. White did address marijuana use and found it did not play a significant role in her impairments. Further, the ALJ had ample opportunity to recontact Dr. White to resolve any questions regarding Dr. White's view of Plaintiff's marijuana use and elected not to do so. *See Tracy v. Astrue*, 518 F.Supp.2d 1291, 1301 (10th Cir. 2007) (ALJ should recontact treating physician for clarification of his opinion before rejecting it). In sum, although the ALJ explained his reasoning for rejecting this portion of the ALJ's decision, the reasons he provided were not supported by substantial evidence, *i.e.*, "relevant evidence a reasonable mind might accept as adequate to support such a conclusion." *Grogan*, 399 F.3d at 1261.

The Court also finds that rejection of Dr. White's testimony regarding absences/breaks was not harmless. Harmless error doctrine applies only in the "exceptional circumstance" where the court could confidently say that no reasonable administrative factfinder could have resolved the factual matter in any other way. *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). In this case, if the ALJ were to include Dr. White's limitation that Plaintiff may miss more than one day per month and need unscheduled breaks, the VE testified that, without reasonable accommodation, Plaintiff would be unable to sustain any competitive work. Therefore, this error was not harmless and impacted the outcome of Plaintiff's case.

---

[9] The ALJ provided this same reason to afford "some" weight to the balance of Dr. White's opinion. It is unclear how the same reason can support a finding of both "some" weight and "no" weight in the context of the same medical opinion.

## IV. Conclusion

For the foregoing reasons, the ALJ's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order.

**SO ORDERED** this 11th day of June, 2019.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT**